## STATE FARM INS. CO., Plaintiff-Appellee, v RICHTER, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1960. Decided March 26, 1948.

Samuel A. McCray, Dayton, Clifford R. Curtner, Dayton, for plaintiff-appellee.

John P. Naas, Dayton, Clarence J. Stewart, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee to strike from the files the "specifications" of error and briefs of defendant-appellant and to dismiss the appeal on the ground that defendant-appellant has failed to comply with Rule VII of the Court.

The record shows that the notice of appeal was filed September 29, 1947 and it is noted as an appeal "on questions of law and law and fact." No bond was given. On November 15, 1947 an agreed stipulation by counsel was filed in which it was stipulated "the instant case shall be tried as an appeal at law, and all rights to an appeal on questions of law and fact are hereby waived." On November 19, 1947 a Bill of Exceptions was filed. The "specifications" of error and briefs of defendant-appellant were not filed until March 15, 1948.

Rule VII provides:

"Counsel for appellant shall, within fifty (50) days after filing notice of intention to appeal **on law only**, file with the clerk his assignments of error and briefs and bill of exceptions.
\* \* \*
"Upon failure of the appellant to file his assignments of error, briefs, or bill of exceptions, as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court." (Emphasis ours.)

It will be observed that the rule applies only to appeals "on law only." Manifestly the rule does not apply to appeals on questions of law and fact; neither is it applicable to a situation where appellant files a notice of intention to appeal "on questions of law and law and fact" because such an appeal is not an appeal "on law only." There is no rule of court controlling the time within which "assignments of error and briefs" of appellant shall be filed under the facts disclosed by the record. A rule should be adopted to cover this situation. There being no rule the court would be required to make an order prescribing a reasonable period of time with–

in which assignments of error and briefs shall be filed. No such order was made. Since assignments of error (designated specifications of error) and briefs of appellant have already been filed no order is required. The court finds that such assignments of error and briefs are filed within time.

Motion overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.